IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Eugene Meyers, III,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. C2-05-390 |
| : | |
| v. : | **JUDGE ALGENON L. MARBLEY** |
| : | |
| **Lawrence W. Farrell** : | Magistrate Judge Kemp |
| **Personally and in his capacity as** : | |
| **President of ITM Marketing, Inc.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order filed pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65.1. On April 19, 2005, this Court conducted a conference on Plaintiff's Motion in accordance with Local Rule 65.1. Counsel for Plaintiff and Defendants were present at the conference. Pursuant to said conference, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part. The Court hereby **ORDERS** as follows:

1. Payroll shall continue to be issued in accordance with ITM Marketing, Inc.'s regular business practices. Defendants are hereby prohibited from issuing any payroll advances;

2. Defendants are hereby prohibited from issuing any other checks for an amount in excess of $5,000 without Plaintiff's signature as required by agreements governing the parties;

3. Defendants shall provide Plaintiff with ITM Marketing, Inc.'s 4th Quarter 2004 financial reports, 2004 end-of-year accountant compilations and corporate tax returns for 2004;

4. Defendants shall make available for inspection all financial, banking and/or

      accounting records of ITM Marketing, Inc. As stated by this Court during the 65.1 Conference, the parties are to agree on an appropriate time within the next ten days for said inspections to begin;

5. Defendants shall provide reasonable written advance notice to the Plaintiff of any meetings of the shareholders of ITM Marketing, Inc.; and

6. Defendants and Plaintiff are required to preserve and protect all documents, records, recordings, photographs and electronically stored information in the possession of the defendants and any agent and/or employee of the defendants.

Plaintiff is required to post bond in the amount of $1000.00.

A Preliminary Injunction hearing is hereby scheduled for **2:00 p.m. on April 29, 2005**.

This Order shall remain in effect until **5:00 p.m. on April 29, 2005.**

The Court will not continue the hearing date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

The Court has included a statement of procedures that the parties are to follow.

### PROCEDURE

**Counsel Tables**

Plaintiff will occupy counsel table next to the jury box. Defendant will occupy counsel table across from Plaintiff.

**Appearances**

Counsel will enter their appearance with the Court Reporter and the Courtroom Deputy Clerk before the start of the opening session of the hearing.

**Addresses By Counsel**

Counsel will address the Court in the following manner:

    (a)    All addresses to the Court will be made from the lectern facing the Court.

(b) Counsel shall stand when addressing the Court for any reason.

**Examination of Witnesses**

Counsel shall conduct their examination from the lectern.

In advance of proceeding, counsel will instruct his or her witnesses to answer questions with courtesy. Evasive answers, answering a question with a question or disrespect to opposing counsel will not be permitted.

Counsel are expected to extend equal courtesy to all witnesses. Counsel will wait until the witness has finished an answer before asking the next question. Multiple questions and repetitious questions will not be permitted. Counsel may not by any action, inflection or expression indicate disbelief of any witness's answer. Counsel shall admonish their clients and witnesses to desist from such conduct.

Witness shall be treated with fairness and consideration. They shall not be shouted at, ridiculed or otherwise abused. The untruthful or hostile witness can be examined firmly and extensively without abuse.

When a party has more than one attorney, only one may conduct the direct or cross examination of a given witness.

Counsel shall not approach a witness without asking the permission of the Court. When permission is granted for the purpose of working with an exhibit, counsel should resume the examination from the lectern when finished with the exhibit.

Upon completing his or her examination of the witness, counsel shall advise the Court, after which the Court will advise opposing counsel to proceed.

During examination of a witness, counsel will first obtain permission of the Court if

he/she wishes to confer with co-counsel.

### **Objections**

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and the succinct legal basis for your objection. Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court. Either counsel may request a bench conference.

### **Decorum**

Colloquy, or argument between counsel will not be permitted. All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the hearing.

During the hearing, counsel shall not exhibit familiarity with witnesses or opposing counsel and shall avoid the use of first names.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court.

Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers shall be addressed to the Court.

### **Demonstrative Evidence**

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the proceeding, they must be exhibited to opposing counsel two days prior to the

hearing. Objections to the same must be submitted to the Court prior to the commencement of the hearing. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, etc. for the hearing.

**Exhibits**

Counsel will assemble and mark all exhibits and deliver them to the courtroom deputy prior to the commencement of the hearing. Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals and Defendant's exhibits will bear the prefix D followed by Arabic numerals.

Counsel should keep a list of all exhibits and should supply the Court, courtroom deputy and opposing counsel with a copy of the same.

Counsel will not approach the witness to tender an exhibit. Each exhibit will be placed before the witness by the courtroom deputy.

In formulating a question to a witness dealing with an exhibit, counsel shall specify the exhibit designation so that the record will be clear.

Each counsel is responsible for any exhibits secured from the courtroom deputy. At the end of each hearing session, all exhibits shall be returned to the courtroom deputy.

The parties shall use three-ring tabbed notebooks for their exhibits which will be submitted two (2) days before the hearing. At trial, the parties shall provide the witness through the Courtroom Deputy the relevant volume(s) when the witness takes the stand. The parties shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three

(3) copies to the Court - one each for the Judge, the law clerk, and the courtroom deputy (for use at the witness stand).

Exhibits which are produced for the first time during the hearing, as in the case of exhibits used for impeachment, shall be tendered to the courtroom deputy for marking and then displayed to opposing counsel.

### Sanctions

The parties and counsel shall comply fully and literally with this pre-hearing order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

The parties shall address questions about this order to the Court's Law Clerk, Rachel Martin, at 614-719-3263, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**

                                                        s/Algenon L. Marbley
                                                       **ALGENON L. MARBLEY**
                                                       **United States District Court Judge**

**DATED: April 20, 2005**